### J. W. TAUL V. B. H. EPPERSON.

1. The security upon an error-bond sued out by *one* of several joint defendants, paying the debt after the judgment had been affirmed, is subrogated to the rights of the plaintiffs as against *all* the defendants.
2. A judgment lien has priority over a purchaser of the homestead under a deed of trust signed and duly acknowledged by the husband and wife, for the same property.

APPEAL from Lamar. Tried below before Hon. Winston Banks.

In 1867 appellant brought his action of trespass to try title against William B. Stout, to recover two tracts of land in Red River county. The land had been purchased by appellant at a sale made in 1866 by Ed. West, trustee, under deeds of trust, one executed by Stout, and the other by Stout and his wife, Mrs. M. C. Stout, in 1860.

Pending the suit, Stout died, and his administrator, W. W. Walker, was made party. In 1869, Mrs. M. C. Stout, widow, living on one of the tracts of land and claiming it as a homestead, was made a party defendant.

In 1868, B. H. Epperson obtained leave to intervene, and filed his petition alleging that he had a judgment lien upon the land sued for, by virtue of having, as surety for Stout on an appeal bond, paid a judgment that was a lien upon the lands.

The plaintiff demurred to the evidence of the intervenor, but no formal joinder in demurrer appears.

. The jury found for the plaintiff against Walker, the administrator, and against the homestead claim of the widow, Mrs. M. C. Stout.

The judgment was in favor of plaintiff against the defendants ; but, upon the demurrer, in favor of the intervenor and against the plaintiff.

From this judgment the plaintiff appealed.

The facts sufficiently appear in the opinion of the court.

*Johnson & Miner*, for appellant.—It is believed that the plain elementary principles of law support the position assumed by appellant.

"The *allegata* and *probata* must correspond." (Gammage v. Alexander, 14 Texas, 418.)

The proof must be according to the allegations of the parties, and if the proofs go beyond the allegations the court cannot judicially act upon them, as facts not stated cannot form the basis of a decree. (Harrison v. Nixon, 9 Peters, 483 ; Wright v. Wright, 3 Texas, 168 ; 13 Texas, 399.) No evidence not supported by the allegations sustains a verdict. (Mims v. Mitchell, 1 Texas, 443.)

Does the proof in this case correspond with the allegations ? Were there any allegations by virtue of which the proof introduced became competent testimony to sustain the judgment?

The demurrer to the evidence offered authorized the court to render such a judgment, at the time, as the facts warranted. (Bradbury v. Reed, 23 Texas, 260.) It does not appear that the demurrer was acted upon at the time, and its admissions could not subsequently form the basis of a decree. (Chambers v. Miller, 9 Texas, 237.)

There was no issue of fact found in favor of intervenor by the jury, and the judgment in his favor is entirely unsupported by issue found, evidence corresponding to the

allegations, or admissions made by the plaintiff. (Chambers v. Miller, 9 Texas, 237.)

*James H. Clark,* also for appellant.

*Walton & Green,* for appellee, cited Henderson v. Kissum, 8 Texas, 46; Jordan v. Hudson, 11 Texas, 82; Sublett v. McKinney, 49 Texas, 438; Mitchell v. DeWitt, 25 Texas Sup., 180; Lampkin v. Mills, 4 Geo., 343; Henderson v. Burleson, 4 Texas, 49.

OGDEN, P. J.—In 1867 the appellant, J. W. Taul, brought this suit in trespass to try title to two certain tracts of land. Stout having died, his administrator, W. W. Walker, was made party. In 1869 Mrs. M. C. Stout, then living on one of the tracts of land as her homestead, was also made party defendant. At the same time B. H. Epperson intervened, claiming a judgment lien upon both tracts, prior in point of date to the title of plaintiff Taul. The cause was submitted to a jury, and a judgment was rendered in favor of the plaintiff, and against Mrs. Stout, but against the plaintiff as to the prior lien of the intervenor, and the plaintiff has appealed from that portion of the judgment in favor of the intervenor. Mrs. Stout not having appealed, we are required to examine only that portion of the judgment which relates to the claim of the appellant, Taul, and the intervenor, Epperson.

Appellant's title originated in two deeds executed in 1866 by E. West, trustee, to the two tracts of land in controversy.

The intervenor's claim originated in a judgment of the District Court, rendered in 1859, against B. W. Stout and one Harris. This judgment, on the day of its rendition, became a lien upon all the real estate of Stout and Harris situate in the county of Red River. There is no denial

that on the rendition of that judgment Stout was the owner of the two tracts of land, and that they were situated in the county of Red River; and therefore the lien attached to both of these tracts, and has continued to the present time, unless the judgment has been paid or allowed to become dormant.

Two executions were issued on the judgment in 1859, and in the latter part of that year a writ of error and *supersedeas* was sued out by one of the judgment debtors, Harris, and the intervenor, Epperson, and Hawley, became securities on the writ of error bond.

It is true that Stout did not join in suing out the writ of error, but he was, nevertheless, bound for the judgment should it be affirmed by the Supreme Court, and his land was liable for its satisfaction as fully as though he had sued out the writ of error, especially since he never complained of the judgment of the District Court, nor the lien which attached to his land.

In 1860 the judgment of the District Court was affirmed by the Supreme Court against Harris and Stout, and against the securities on the writ of error bond, Epperson and Hawley. This action of the Supreme Court affirmed the lien of the judgment of the District Court from the date of rendition; it also bound Epperson and Hawley for the same. Upon this judgment executions issued in 1860 and 1861, but the judgment remained unsatisfied until 1868, when another execution issued, and Epperson, the intervenor, paid off and satisfied the judgment. Up to the date of payment by Epperson that judgment had not been satisfied nor become dormant; and by the payment of the same Epperson became subrogated to all the rights of the original judgment creditor, who held a valid lien upon the lands of Harris and Stout in Red River county. These were matters of record in the county, and he who made a purchase of any such land after the

rendition of that original judgment in the District Court, is chargeable with notice of the same. As appellant's title bears date seven years after the lien under which the intervenor claims, his title must be held subject to the lien created by the judgment of 1859.

By signing the writ of error bond, Epperson and Hawley became liable to pay the debt, and thereby, in fact, became security for Harris and Stout; and events show that he paid the debt as much for Stout as for Harris, and thereby became entitled to all the rights against either or both which the original creditor held.

We see no error in the judgment of the lower court, and it is affirmed.

AFFIRMED.